S. Christian Platt (State Bar No. 199318)
cplatt@jonesday.com
Douglas L. Clark (State Bar No. 279408)
dlclark@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: 858-314-1200
Facsimile: 858-314-1150

Attorneys for Defendants
Mitsubishi Cable Industries, Ltd. and
Mitsubishi Cable America, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTO DENSHI CO., LTD., and GOTO CALIFORNIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MITSUBISHI CABLE INDUSTRIES, LTD.; MITSUBISHI CABLE AMERICA, INC.; DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> And Related Counterclaims. | Case No.: CV14-09815 JAK (PLAx) <br><br> Assigned to Hon. John A. Kronstadt <br><br> **DEFENDANT MITSUBISHI CABLE AMERICA, INC.'S CORRECTED COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNFAIR COMPETITION** <br><br> Complaint filed: 12/23/2014 <br><br> **JURY TRIAL DEMANDED** |

Defendant/Counterclaimant Mitsubishi Cable America, Inc. ("MCA" or "Defendant" or "Counterclaimant"), by and through its undersigned counsel, for its counterclaim against Plaintiffs/Counterclaim Defendants Goto Denshi Co., Ltd. ("Goto Denshi") and Goto California, Inc. ("Goto California") (collectively "Plaintiffs" or "Counterclaim Defendants"), states as follows:

NAI-1500457701v1

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of invalidity of the '888 Patent.

2. MCA is a New Jersey corporation, with its principal place of business at 2975 Bowers Ave., Suite 223, Santa Clara, CA 95051.

3. Goto Denshi alleges that it is a corporation organized and existing under the laws of Japan, with its principal place of business at 734-1, Aza Daishita, Shibahashi, Sagae-Shi, Yamagata, Japan 991-0063.

4. Goto California alleges that it is a corporation organized and existing under the laws of the State of California, with its principal place of business at 6120 Business Center Court, Suite F200, San Diego, CA 92154.

5. On December 23, 2014, the Plaintiffs filed a Complaint alleging that MCA infringes the '888 Patent.

6. MCA denies infringement and disputes the validity of one or more claims of the '888 Patent.

7. Thus, there is an actual and justiciable controversy between MCA and Counterclaim Defendants concerning the validity of the '888 Patent.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code, and also under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

9. This Court has personal jurisdiction over Counterclaim Defendants, and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Counterclaim Defendants have availed themselves of this Court's jurisdiction by having sued MCA in this Court.

## COUNT I

**(Declaration of Invalidity of the '888 Patent)**

10. MCA hereby realleges and incorporates by reference paragraphs 1 through 9 of the Counterclaim as though fully set forth herein.

11.   Counterclaim Defendants have asserted that MCA infringes the '888 Patent. MCA denies that it infringes. Thus, an actual and justiciable controversy exists between Counterclaim Defendants and MCA concerning the validity of the '888 Patent.

12.   Claims 1 through 8 of the '888 Patent are invalid for a failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, for example, §§ 101, 102, 103, 112; and/or the non-statutory doctrine of double patenting.

13.   The '888 Patent claims priority to the Japanese Priority Application.

14.   The Japanese Priority Application effectively contains identical claims as the '888 patent.

15.   The JPO rejected the claims of the Japanese Priority Application on January 24, 2006, and the decision was appealed by Goto Denshi or a related entity.

16.   Upon appeal, the JPO finally rejected the claims in the Japanese Priority Application based on (1) Sugita, published on September 2, 2003, and (2) Nakagawa, published on December 15, 1989.

17.   Sugita and Nakagawa anticipate or make obvious Claims 1 through 8 of the '888 Patent.

18.   There are many additional prior art references that anticipate or make the '888 Patent obvious, including at least JP Pat. Publ. No. 2002-260461 ("Harada"), published on September 13, 2002.

19.   The '888 Patent has eight claims and each claim is directed to a wire for use in a coil with the wire having a square cross-section with chamfers at the four corners. Claim 1 is exemplary and covers:

> 1. A wire for use in a coil, said wire having a square sectional shape, wherein chamfers are provided at four corners in the section of the square, and sectional area of said wire having the chamfers is at least 1.15 times as large as that of a circle

having a diameter which is the same as the length of one side
of said square.



20. Figure 2 of the '888 Patent, shown above, illustrates the cross-section of a square-shaped wire with rounded corners of a radius R. Figure 5 of the '888 Patent, shown above, together with Figure 2, assists in understanding the ratio that appears in all of the claims of the '888 Patent. For example, claim 1 requires a ratio in which the cross-sectional area of a wire with chamfers is at least 1.15 times as large as that of a reference circle having a diameter equal to the length of one side of the square wire. The ratio compares the cross sectional area of a square shaped wire (Figure 2) to the area of a reference circle that has the same diameter of the length of the side of a square as depicted in Figure 5.

21. All eight claims of the '888 Patent combined, contain only five elements. Therefore, a prior art reference need only contain the following five elements to anticipate all eight claims of the '888 Patent: (1) a square-shaped wire for use in a coil (all claims); (2) chamfers at the four corners (all claims); (3) in which the chamfers must be arc-shaped (claims 2, 4, 6 and 8), (4) the sides of the square wire are each 1 mm or less in length (claims 5-8); and (5) one of the following two ratios are met: (i) )a "wire having the chamfers is at least 1.15 times as large as that of a circle having a diameter which is the same as the length of one side of said square," (claims 1, 2, 5 and 6), or (ii) a "wire having said chamfers is at least 1.09 times as long as circumference of a circle having a diameter which is the same as the length of one side of said square," (claims 3, 4, 7 and 8).

22.     Sugita and Harada, standing alone or in combination, contain all five elements of the preceding paragraph, and each reference on its own anticipates the eight claims of the '888 Patent.  Nakagawa contains all the elements, except for the fourth element of the preceding paragraph, and as such, it anticipates claims 1 through 4.  Nakagawa, in combination with other references, make claims 5 through 8 obvious.

23.     Since one or more of Sugita, Harada and Nakagawa anticipate the eight claims of the '888 Patent, the Court should find all eight claims invalid.

24.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 *et seq.*, MCA is entitled to a declaratory judgment that Claims 1 through 8 of the '888 Patent are invalid.

## COUNT II

**(Unfair Competition – California Business & Professions Code § 17200)**

25.     MCA hereby realleges and incorporates by reference paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

26.     This is a cause of action for statutory unfair competition under California Business and Professions Code §§ 17200 *et seq*.  Counterclaimant brings this cause of action on its own behalf pursuant to California Business and Professions Code § 17204.

27.     Goto Denshi and Goto California are in the business of selling wires, including square-shaped wires that are used in voice coils.  MCA sells wires that are used in coils.

28.     MCA and Counterclaim Defendants are competitors.

29.     Years prior to filing this lawsuit, Counterclaim Defendants were put on notice that the subject matter claimed in the '888 patent had been disclosed in prior art disclosures as discussed in paragraphs 10 through 24.  Goto Denshi and/or Goto California knew or should have known that the prior art disclosures were clear and convincing evidence demonstrating that the claims of the '888 patent would be

invalid. With knowledge of these prior art disclosures, Counterclaim Defendants should never have alleged patent infringement.

30. The '888 Patent claims priority to Japanese Application No. 2003/384209 filed on November 13, 2003 ("Japanese Priority Application"), which contains essentially identical claims as the '888 Patent. On or about January 24, 2006, the Japanese Patent Office ("JPO") issued a final rejection of this application and all of its claims. Subsequently, Goto Denshi appealed this decision by the JPO on May 23, 2006. After fighting the JPO rejection for nearly a year and a half, the Japanese Patent Office finally rejected on November 4, 2008, finding that all claims are invalid in light of two prior art references: (1) Japanese Pat. Publ. No. 2003-245711 published on September 2, 2003 ("Sugita"); and (2) Japanese Utility Model Publ. No. H01-176315 published on December 15, 1989 ("Nakagawa"). Sugita and Nakagawa are prior art under 35 U.S.C. §§ 102(a) and (b).

31. The JPO put the Plaintiffs on notice on or before 2008 that the claims of the Japanese Priority Application were anticipated or obvious. The Plaintiffs knew or should have known that the identical claims of the '888 Patent were invalid or obvious. Yet, a full six years after the JPO's decision, the Plaintiffs filed this lawsuit against Defendant.

32. Plaintiffs by bringing a lawsuit of a patent they knew or should have known was invalid constitutes unfair and deceptive acts and/or practices under the unfair competition law.

33. Additionally, on information and belief, Counterclaim Defendants brought this lawsuit to disrupt MCA's business and gain a competitive advantage. Knowing that its patent was invalid, Goto Denshi and Goto California still brought this lawsuit, which constitutes unfair and deceptive acts and/or practices under the unfair competition law.

34. As a result of this frivolous lawsuit, MCA has at least incurred damages in defending this frivolous, bad faith lawsuit, but also in the cost of

bringing an ancillary *inter partes* review proceeding in front of the United States Patent and Trademark Office. There could also be untold damages in loss of sales as a result of Counterclaim Defendants' actions. Counterclaim Defendants' conduct alleged herein has harmed and continues to harm MCA, and MCA seeks any recovery and restitution for the losses caused by Counterclaim Defendants' unlawful, unfair and/or fraudulent business acts and/or practices in violation of California Business and Professions Code §§ 17200 *et seq*.

35. Counterclaim Defendants' acts and practices set forth in detail above and alleged herein are unfair and/or fraudulent within the meaning of Business & Professions Code section 17200 *et seq*. and constitute acts of unfair competition within the meaning of Business & Professions Code Section 17203.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Mitsubishi Cable America, Inc. prays as follows:

1. That the Court enters a declaratory judgment that the claims of U.S. Patent No. 7,238,888 are invalid and void;

2. That the Court declare this an exceptional case and award MCA its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

3. That the Court order a permanent injunction, enjoining Counterclaim Defendants from committing further unlawful, unfair or fraudulent business acts or practices against Plaintiffs and their business interests;

4. That the Court award restitution and disgorgement of profits resulting from the unfair competition; and

5. That the Court award MCA any and all other relief to which it may be entitled, or which the Court deems just and proper.

1 | **DEMAND FOR JURY TRIAL**

2 | Please take notice that Counterclaimant demands trial by jury in this action.

4 | Dated: July 27, 2015

Respectfully submitted,

JONES DAY

By: */s/ S. Christian Platt*
S. Christian Platt

Attorneys for Defendants
Mitsubishi Cable Industries, Ltd. and
Mitsubishi Cable America, Inc.